UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
FILED: JULY 2, 2008
08CV3778
JUDGE COAR
MAGISTRATE JUDGE ASHMAN
MKH
```

| | |
|---|---|
| MICHAEL PALL, MARY PALL, and EMILY PALL, a minor, by her parents and next friends Michael Pall and Mary Pall, ) ) ) ) | |
| Plaintiffs, ) | |
| ) | Case No. |
| vs. ) ) | |
| THE VILLAGE OF INDIAN HEAD PARK, ) an Illinois Municipal Corporation, ) ) | Jury Trial Demanded |
| Defendant. ) | |

**COMPLAINT FOR A DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF AND DAMAGES**

Plaintiffs, Michael Pall, Mary Pall, and Emily Pall a minor, by her parents and next friends Michael Pall and Mary Pall, by their attorneys, James Whiteside and Senior Law Students of The John Marshall Law School Fair Housing Legal Clinic, complain against the Defendant, the Village of Indian Head Park, Illinois, an Illinois Municipal Corporation organized and existing under the laws of the State of Illinois.

### INTRODUCTION

1. This is an action for declaratory judgment, temporary, preliminary, and permanent injunctive relief, damages, costs, and fees resulting from the denial of housing opportunities because of handicap/disability and the denial of a reasonable accommodation by the Village of Indian Head Park, which interfered with, and continues to interfere with Plaintiffs Michael Pall, Mary Pall, and Emily Pall's development, use, enjoyment, and occupancy of their property because of the disability of their daughter, Emily Pall, a minor.

2. This action is brought pursuant to the Federal Fair Housing Act of 1968, as amended in 1988, 42 U.S.C. §§ 3601, *et seq.*, by the Plaintiffs to seek redress for the injuries caused by the Village of Indian Head Park's denial of a reasonable accommodation and passage and implementation of a discriminatory ordinance. Specifically, Plaintiffs seek to obtain injunctive and declaratory relief from the Village of Indian Head Park's discriminatory conduct and seek damages for the injuries caused by discrimination because of disability.

## JURISDICTION

3. Jurisdiction in this matter is conferred upon this court under 28 U.S.C. §1343 (a)(4); 42 U.S.C. §3613(a); 28 U.S.C. §1331; 28 U.S.C. §2201.

## PARTIES

4. Michael Pall (hereinafter called "Michael") and Mary Pall (hereinafter called "Mary") are a married couple and the parents of Emily Pall (hereinafter called "Emily"). (Michael and Mary are collectively hereinafter called "the Palls")

5. The Palls and their children, Emily and Alex Pall (hereinafter called "Alex"), currently reside at 6472 Apache Drive, Indian Head Park, Illinois.

6. The Village of Indian Head Park, (sometimes hereinafter known as "the Village") is a body politic organized and existing under the laws of the State of Illinois and is located in the Northern District of Illinois.

7. Emily is "a person with handicap," as the Federal Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* ("Fair Housing Act"), defines the term. 42 U.S.C. § 3602; 24 C.F.R. g§1001.201.

8. Emily is an 8 year old girl with Down syndrome, or Trisomy 21, a permanent disability which impairs cognitive and learning ability, and is an "aggrieved person" as defined in 42 U.S.C. § 3602 (i)(1).

9. The Palls are Emily's parents and primary caregivers and are "aggrieved person[s]" as defined in 42 U.S.C. § 3602 (i)(1).

10. The Village of Indian Head Park ("the Village") is and was at all times relevant hereto, responsible for legislating zoning regulations, and for granting of a zoning variance or special use in the Village of Indian Head Park, Illinois.

11. The Village, acting through the Village of Indian Head Park Board of Trustees (the Trustees), and the Village of Indian Head Park Zoning and Planning Commission (the Commission), is, and was at all times relevant hereto, responsible for reviewing zoning variance requests and requests for special use, and for granting zoning variances or a request for special use in the Village.

## FACTUAL BACKGROUND

12. Because of her disability, Emily requires a fence for her safety and the safety of others, to prevent her from leaving the yard or property at 6472 Apache Drive.

13. As a result of her disability, Emily is unable to understand intangible concepts, such as danger.

14. Despite Emily's disability, she is physically active, quick and agile, creating a need for a safety fence.

15. Without safe access to the backyard, the Palls must restrict Emily to the indoors, which has become increasingly difficult and impairs and limits the opportunity for

Emily to use and enjoy the back yard at her home and adversely affects her health and well-being.

16. The Village of Indian Head Park's Fencing Ordinance 17.12.120 provides that:

> Fences are prohibited except as follows:
>
> A. Those required for safety as determined and upon such terms and conditions as may be imposed following the procedures for variations in this title…

17. In the Village, many residences have fences constructed around swimming pools, and it is common to see fences along property lines. Furthermore, some residences have barriers or gates fronting properties.

18. Before purchasing their current residence, the Palls attempted to purchase a house at 6477 Apache Drive in the Village, contingent on the allowance of a variance allowing the Palls to build a fence around the backyard.

19. On December 4, 2006, the Palls received a letter from the Village's legal counsel informing them that the Village would be unable to issue an instruction on whether a fence would be permitted on a property before a purchase agreement was executed and explained the zoning process at the Village administration office.

20. After 6477 Apache Drive failed inspection, the Palls made an offer on a house across the street at 6472 Apache Drive.

21. Because of the Village's prior instructions, the Palls did not seek to include a contingency clause based on the obtaining of a variance in the 6472 Apache Drive purchase agreement.

22. Prior to closing at 6472 Apache Drive, Mary submitted a formal request on May 1, 2007 for the zoning variance to section 17.12.120 of the Village's municipal code.

23. Mary's formal request explained the need for a fence for the safety of a child, Emily, as a special needs child, including all necessary paperwork and a picture of the potential fence which would blend in with the home and its surroundings and built at their own expense.

24. On or about May 24, 2007, a group of 17 neighbors signed a petition and sent letters to Mr. Dennis Schermerhorn, the Chairman of the Village's Planning and Zoning Commission, protesting the variance request. The petition and letters acknowledged Emily's disability but argued that the fence would adversely affect the esthetics of the neighborhood.

25. On June 5, 2007, the Palls attended the Village's Planning and Zoning Commission ("Commission") meeting, at which time the Commission was to decide on the outcome of their zoning request.

26. At the hearing, Michael Pall explained why the fence was necessary to enable Emily to live at that location.

27. Objecting residents told the Commission that the safety fence would be detrimental to the neighborhood.

28. To counter the opposition, the Palls agreed to plant shrubbery around the outside of the fence and keep a park-like atmosphere.

29. The Commission denied the Palls' request for a zoning variance.

30. Following the first hearing, the Palls retained counsel, who submitted a revised plan to the Commission, offering a wrought iron fence fully hidden by bushes and shrubbery which would maintain a park-like atmosphere and aesthetically conform to other fences or entrance gates in the Village. See Attachment **A**, "Pall Proposal".

31. On October 2, 2007 a second hearing was held in front of the Commission.

32. Present at this hearing were the Palls; Mr. Kenneth Kubiesa, counsel for the Palls; Ms. Jennifer Ames, the Director of Special Education for the La Grange Area Department of Special Education; and several village residents.

33. The Palls presented their Proposal to the Commission along with a petition from community members supporting the fence.

34. Ms. Ames explained why the fence was important for Emily's safety, social well-being, and motor skill development.

35. The Palls also submitted a letter from Dr. Lisa Franco, Emily's pediatrician, stating that Emily required the fence for her safety and well being.

36. Chairman Schermerhorn asked the Palls to consider other alternatives, such as a wristband that would send a signal if a boundary was crossed, but Mary explained that Emily is an active child and that the fence is the best option for Emily as an individual.

37. After objections expressed by Village residents and members of the Commission, the Commission laid down the following conditions before a fence would be allowed:

>    1) the fence shall not exceed the width of the residence on the east and west side of the home;
>
>    2) the fence shall not extend more than 25 feet from the back of the house south into the rear yard setback;
>
>    3) the fence must be screened on all sides with evergreens that do not lose their leaves;

> 4) that the medical necessity and need for the fence will be reviewed every two years by a medical professional;
>
> 5) the fence will be removed when Emily no longer needs the fence or resides at the property;
>
> 6) a ordinance will be recorded for the subject property; and
>
> 7) a performance bond must be posted with the Village to insure removal of the fence when there is no longer a need for the fence.

38. The Commission stated no reason for denying the Palls' proposal.

39. The conditions required by the City are unreasonable and would only provide access to a limited area of the backyard at 6472 Apache Drive, which would not allow sufficient space for Emily to exercise and play outdoors.

40. The conditions laid down by the Commission were not imposed on to situations where requests are made by persons without disabilities, for instance where a request is made for a fence to surround a swimming pool.

41. On October 11, 2007 the Commission recommended that the Village Board of Trustees adopt an ordinance consistent with the Commission's proposal to limit the fence to the rear foundation wall and 25 feet to the South, and require the Palls to submit a yearly medical report to the Village verifying the continuing need for the fence.

42. The Village Board of Trustees unanimously voted "no" on the Pall Proposal.

43. The Village Board of Trustees unanimously voted "yes" to the Commission's proposal (Ordinance No. 07-20), which allows a fence for the Pall property, but limits the fence to the rear foundation wall and 25 feet to the south and require the Palls to

submit Emily to a yearly medical report, subject to independent review by the Village, to verify the need for the fence.

## COUNT I
## Direct Discrimination Againt a Person with a Disability

44. Plaintiff repeats the allegations of Paragraphs 1- 43 of this Complaint.

45. The Village of Indian Head Park violated the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*., by passing Ordinance No. 07-20 that directly discriminates against Emily Pall, a person with a disability.

46. The ordinance passed by the Village sets a separate standard for a person with a disability than it requires in other cases where residents request a fence for safety reasons.

47. Ordinance No. 07-20 is arbitrary, unreasonable, and not substantially related to the public health, safety, or welfare.

## COUNT II
## Denial of a Reasonable Accommodation

48. Plaintiffs repeat the allegations of Paragraphs 1-43 of this Complaint.

49. The Village of Indian Head Park has violated the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*., by discriminating against a person because of handicap/disability by refusing a request for a reasonable accommodation by the conduct described above.

50. The accommodation requested by the Palls is reasonable because:

    (a) The accommodation is necessary to afford a handicapped/disabled person equal opportunity to use and enjoy a dwelling, as defined by Section 804(f)(3)(b) of the Fair Housing Act, 42 U.S.C. §3604(f)(3)(b) and its implementing regulations contained at 24 C.F.R. §100.204.

51. The accommodation requested by the Palls would not impose an undue burden on the Village of Indian Head Park.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this court enter judgment for Plaintiffs and against the Defendant as follows:

    i. Declaring that defendant's discriminatory housing practices, as set forth above, violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601, *et seq*.

    ii. Enjoining defendant, its agents, employees, successors and all other persons in active concert or participation with it from violating the Fair Housing Act by:

        1. discriminating on the basis of disability against any person in any aspect of the occupancy, sale or rental of a dwelling;

        2. Failing to make reasonable accommodations for persons with disabilities as required by the federal Fair Housing Act.

    iii. Enter an order for an injunction compelling Defendant to permit Plaintiffs to erect a safety fence surrounding the entirety of their backyard as proposed in Attachment **A**.

    iv. The court awards such damages as will fully compensate Michael Pall, Mary Pall, and Emily Pall for injuries caused by defendant's discriminatory conduct, pursuant to 42 U.S.C. § 3612(o)(3).

    v. Attorney's fees and costs.

   vi. Such other relief as the court may deem just and proper.

                                       Respectfully Submitted,

                                       Michael Pall, Mary Pall, and Emily Pall
                                     Plaintiffs,

                                     By: /s/ James C. Whiteside_____
                                           One of their Attorneys

James C. Whiteside (6292079)
Senior Law Students
The John Marshall Law School
Fair Housing Legal Clinic
28 E. Jackson Blvd., Suite 500
Chicago, Illinois 60604
312-786-2267
FAX: 312-786-1047



**Kubiesa, Spiroff,
Gosselar & Acker, P.C.**
Law Offices

533 West North Avenue, Ste. 204
Elmhurst, Illinois 60126
PHONE (630) 516-1800
FAX (630) 516-1808
E-MAIL: thefirm@ksgalaw.com
www.ksgalaw.com

September 11, 2007

08CV3777
JUDGE   COAR
MAGISTRATE JUDGE ASHMAN
MKH

O.

VIA E-MAIL falonzo@indianheadpark-il.gov

Frank Alonzo, Village Administrator
Village of Indian Head Park
201 Acacia Drive
Indian Head Park, Illinois 60526

Re:   Application for Fence Permit
      6472 Apache Drive - Pall

Dear Mr. Alonzo:

Enclosed herewith you will find a revised plan for the fence on the Pall property, which will be installed as a safety measure with regard to their disabled daughter. A photo, which is included, shows that the fence will be black wrought iron, and will be installed on the inside of the Palls' lot line, so that existing bushes and bushes to be installed will completely screen the fence from all of the neighbors. We expect that utilizing the black wrought iron and screening by the bushes, the fence will be nearly invisible to the neighbors.

At the hearing before the Zoning Commission, we will provide colored drawings of this plan, including photographs, as well as explain how this fence promotes safety in the neighborhood and as to the Palls' daughter.

We appreciate the Mayor and the Village Council's consideration in referring this revised plan to the Zoning Commission for hearing.

Sincerely,

Kubiesa, Spiroff, Gosselar & Acker, P.C.

By: _____
    Kenneth T. Kubiesa

KTK:kk

Enclosure

H:\Kathy\letters\alonzoL2.wpd

**EXHIBIT A**

Jul. 30. 2007  9:42AM                                                                 No. 0105   P. 3



www.cedarrustic.com          (800) 262-0388

**Black Birkshire**  5/16
Residential grade • Alternating spear point pickets • 2x2 posts with flat caps • Fitted construction • 4-foot tall

5

TEST0000000000000136

Sep. 19. 2007 10:05AM    for 6472 Apache Drive    No. 0236   P. 2

# PLAT OF SURVEY

**VANDERWALKER LAND SURVEYORS**
12643 S. 73rd AVE.
PALOS HEIGHTS, ILL. 60463-1416
PHONE (708) 361-1161
FAX (708) 361-7616

Lot 57 in Nadah's Woodland Hills Subdivision of the South 30 Acres of the Northeast 1/4 of the Northeast 1/4 of Section 19, Township 36 North, Range 12 East of the Third Principal Meridian, according to the Plat thereof recorded June 6, 1975 as Document 23106182 in Cook County, Illinois.

- - - = fence line
XXX = current 5 foot minimum shrubs
OOO = shrubs to be planted

APACHE DRIVE

95'-0"
ASPHALT DRIVEWAY
14'-2½"    20'-10"
21'-0"
17'-0"    22'-6"   GARAGE
12'-2½"   9'-2½"
16'-0"
10'-2¾"
2 STORY BRICK AND FRAME RESIDENCE No. 6472
28'-0"    5'-3¾"
32'-0¾"    12'-5"
13'-1¾"

123'-2½"    130'-3¾"
Fence Line                     Fence Line

25 FT. BUILDING LINE
WEST LINE OF INDIAN HEAD TRAIL

LOT 57

10 FT. EASEMENT
79'-0⅛"

EXHIBIT



**Kubiesa, Spiroff,
Gosselar & Acker, P.C.**
Law Offices

533 West North Avenue, Ste. 204
Elmhurst, Illinois 60126
PHONE (630) 516-1800
FAX (630) 516-1808
E-MAIL: thefirm@ksgalaw.com
www.ksgalaw.com

October 9, 2007

President Richard Andrews and The Board of Trustees
Village of Indian Head Park
201 Acacia Drive
Indian Head Park, Illinois 60526

    Re:    Pall/Application for Safety Fence Permit

Dear President Andrews and Trustees:

    I represent Mike and Mary Pall, who have applied to the Village of Indian Head Park for a safety fence, so that their daughter, Emily, can safely play in their back yard at 6472 Apache Drive. We appeared for a continued hearing before the Zoning and Planning Commission (ZPC) on Tuesday, October 2nd, and presented a revised plan for the safety fence, including photos of the five foot (5') high wrought iron fence enclosing the back yard well within its boundaries and fully screened. This fence allows Emily, a Down Syndrome child, to safely play within her back yard. At the hearing, we presented testimony and evidence concerning the nature of Emily's disability and the fact that the fence was necessary to protect Emily's safety as well as protect the neighborhood from Emily's wanderings.

    In spite of the overwhelming evidence that a fence as proposed by the Palls is necessary for Emily's safety and is a reasonable accommodation to Emily, the ZPC recommended a fence no wider than the house and twenty five feet (25') deep. This is a not a safety fence that reasonably accommodates Emily and allows her to pay in her back yard, but rather a "cage or "run". My clients would accept a compromise of a fence no wider than the house, but extending to within five feet (5') of the back lot line and fully screened from the outside.

    At the second hearing before the Zoning and Planning Commission, the only reason expressed for opposition to this fence were that no fences are allowed generally in Indian Head Park, and that my client knew this when they bought the house. These objections cannot legally form the basis of your decision not to grant the Palls' a reasonable accommodation for a fence permit based upon their proposal or the compromise offered above. Hopefully, the Village Board will do the right thing for Emily in this situation. If not, the Palls are prepared to continue beyond the Village Board to obtain approval for a fence.

                                              Sincerely,

                                  By: _____
                                       Kenneth T. Kubiesa

cc:    Mike Pall via e-mail redkap11@aol.com
        Frank Alonzo via e-mail falonzo@indianheadpark-il.gov