**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL PALL, MARY PALL, and** | ) | |
| **EMILY PALL, a minor by her parents** | ) | |
| **and next friends, Michael Pall and Mary Pall,** | ) | |
| | ) | **Case No. 08 CV 3778** |
| **Plaintiffs,** | ) | |
| | ) | **Judge David H. Coar** |
| **vs.** | ) | |
| | ) | **Magistrate Judge** |
| **THE VILLAGE OF INDIAN HEAD PARK,** | ) | |
| **a Municipal Corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE
TO PLAINTIFFS' COMPLAINT**

NOW COMES Defendant, VILLAGE OF INDIAN HEAD PARK, by and through its attorneys, Storino, Ramello & Durkin, and answers the Plaintiffs' Complaint as follows:

**<u>Introduction</u>**

1.      This is an action for declaratory judgment, temporary, preliminary, and permanent injunctive relief, damages, costs, and fees resulting from the denial of housing opportunities because of handicap/disability and the denial of a reasonable accommodation by the Village of Indian Head Park, which interfered with, and continues to interfere with Plaintiffs Michael Pall, Mary Pall, and Emily Pall's development, use, enjoyment, and occupancy of their property because of the disability of their daughter, Emily Pall, a minor.

**ANSWER:    Defendant admits that this is an action for declaratory**

**judgment, temporary, preliminary and permanent injunctive relief,**

**damages, costs and fees.  Defendant denies the remaining allegations contained in Paragraphs One of the Plaintiffs' Complaint, each and every one of them.**

2.    This action is brought pursuant to the Federal Fair Housing Act of 1968, as amended in 1988, 42 U.S.C. §§ 3601, *et seq.,* by the Plaintiffs to seek redress for the injuries caused by the Village of Indian Head Park's denial of a reasonable accommodation and passage and implementation of a discriminatory ordinance. Specifically, Plaintiffs seek to obtain injunctive and declaratory relief from the Village of Indian Head Park's discriminatory conduct and seek damages for the injuries caused by discrimination because of disability.

**ANSWER:    Defendant admits Plaintiffs' action is brought pursuant to the Federal Fair Housing Act of 1968, as amended in 1988, 42 U.S.C. §§ 3601, et seq.  Defendant denies the remaining allegations contained in Paragraph Two of Plaintiffs' Complaint, each and every one of them.**

<u>**Jurisdiction**</u>

3.    Jurisdiction in this matter is conferred upon this court under 28 U.S.C. §1343 (a)(4); 42 U.S.C. §3613(a); 28 U.S.C. §1331; 28 U.S.C. § 2201.

**ANSWER:    Defendant admits the allegations contained in Paragraph Three of the Plaintiffs' Complaint.**

<u>**Parties**</u>

4.    Michael Pall (hereinafter called "Michael") and Mary Pall (hereinafter called "Mary") are a married couple and the parents of Emily Pall (hereinafter called "Emily").  (Michael and Mary are collectively hereinafter called "the Palls")

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Four, and therefore denies the allegations in Paragraph Four.**

5.      The Palls and their children, Emily and Alex Pall (hereinafter called "Alex"), currently reside at 6472 Apache Drive, Indian Head Park, Illinois.

**ANSWER:    Defendant admits the allegation contained in Paragraph Five of the Plaintiffs' Complaint.**

6.      The Village of Indian Head Park, (sometimes hereinafter known as "the Village") is a body politic organized and existing under the laws of the State of Illinois and is located in the Northern District of Illinois.

**ANSWER:    Defendant admits the allegation contained in Paragraph Six of the Plaintiffs' Complaint.**

7.      Emily is "a person with handicap," as the Federal Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*. ("Fair Housing Act"), defines the term.  42 U.S.C. § 3602; 24 C.F.R. g§1001.201.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Seven, and therefore denies the allegations in Paragraph Seven.**

8.      Emily is an eight year old girl with Down Syndrome, or Trisomy 21, a permanent disability which impairs cognitive and learning ability, and is an "aggrieved person" as defined in 42 U.S.C. § 3602 (i)(1).

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Eight, and therefore denies the allegations in Paragraph Eight.**

9.     The Palls are Emily's parents and primary caregivers and are "aggrieved person[s]" as defined in 42 U.S.C. § 3602 (i)(1).

**ANSWER:     Defendant admits the allegations contained in Paragraph Nine of the Plaintiffs' Complaint.**

10.     The Village of Indian Head Park ("the Village") is and was at all times relevant hereto, responsible for legislating zoning regulations, and for granting of a zoning variance or special use in the Village of Indian Head Park, Illinois.

**ANSWER:     Defendant admits the allegations contained in Paragraph Ten of the Plaintiffs' Complaint.**

11.     The Village, acting through the Village of Indian Head Park Board of Trustees (the Trustees), and the Village of Indian Head Park Zoning and Planning Commission (the Commission), is, and was at all times relevant hereto, responsible for reviewing zoning variance requests and requests for special use, and for granting zoning variances or a request for special use in the Village.

**ANSWER:     Defendant admits the Village of Indian Head Park Planning and Zoning Commission and the Village of Indian Head Park Board of Trustees are responsible for reviewing variance requests and requests for special use.   Defendant admits the Village of Indian Head Park Board of Trustees are responsible for granting zoning variances or a request for special use in the Village.  As to the remaining allegation contained in**

**Paragraph Eleven of the Plaintiffs' Complaint, the Defendant denies that the Village of Indian Head Park Zoning and Planning Commission has any authority to grant zoning variances or requests for special use in the Village.**

**Factual Background**

12.    Because of her disability, Emily requires a fence for her safety and the safety of others, to prevent her from leaving the yard or property at 6472 Apache Drive.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Twelve of the Plaintiffs' Complaint, and therefore denies the allegations in Paragraph Twelve.**

13.    As a result of her disability, Emily is unable to understand intangible concepts, such as danger.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Thirteen of the Plaintiffs' Complaint, and therefore denies the allegations in Paragraph Thirteen.**

14.    Despite Emily's disability, she is physically active, quick and agile, creating a need for a safety fence.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Fourteen of the Plaintiffs' Complaint, and therefore denies the allegations in Paragraph Fourteen.**

15.    Without safe access to the backyard, the Palls must restrict Emily to the indoors, which has become increasingly difficult and impairs and limits the opportunity for Emily to use and enjoy the back yard at her home and adversely affects her health and well-being.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Fifteen, and therefore denies the allegations in Paragraph Fifteen.**

16.    The Village of Indian Head Park's Fencing Ordinance 17.12.120 provides that:

Fences are prohibited except as follows:

A.    Those required for safety as determined and upon such terms and conditions as may be imposed following the procedures for variations in this title . . .

**ANSWER:    Defendant denies the allegation contained in Paragraph Sixteen of Plaintiffs' Complaint, but admits that the Village of Indian Head Park's Fencing Ordinance 17.12.120 provides:**

**Fences are prohibited except as follows:**

**A.    Those required for safety as determined and upon such terms and conditions as may be imposed following the procedures for variations in this title; or**

**B.    On residential lots located immediately adjacent to (or separated only by a street or public highway right-of-way from) a lot or parcel designated and zoned under a business district designation under Section 17.28.110 (B) of this code, but only upon the following conditions:**

**1.    That the fence shall be constructed only along and within five feet of the boundary of said lot which is adjacent to (or separated only by a street or public**

**right-of-way from) the lot or parcel designated and zoned under a business district designation,**

2.    **That the fence shall be no more than eight feet in height,**

3.    **That the fence shall be constructed only of weather-resistant wood, including cedar, redwood or treated lumber, and**

4.    **That the materials and design of any repairs to or replacement of a fence shall be identical to those of the fence so repaired or replaced, but the height may be altered.**

17.    In the Village, many residences have fences constructed around swimming pools, and it is common to see fences along property lines.  Furthermore, some residences have barriers or gates fronting properties.

**ANSWER:    Defendant denies there are many residences that have fences constructed around swimming pools.  Defendant admits that some residents have fences constructed around swimming pools.  Defendant denies it is common to see fences along property lines.  Defendant agrees some residences have barriers or gates fronting properties.**

18.    Before purchasing their current residence, the Palls attempted to purchase a house at 6477 Apache Drive in the Village, contingent on the allowance of a variance allowing the Palls to build a fence around the backyard.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph Eighteen, and therefore denies the allegations in Paragraph Eighteen.**

19.    On December 4, 2006, the Palls received a letter from the Village's legal counsel informing them that the Village would be unable to issue an instruction on

whether a fence would be permitted on a property before a purchase agreement was executed and explained the zoning process at the Village administration office.

> **ANSWER:    Defendant admits that shortly after December 4, 2006, the Palls received a letter from the Village's legal counsel informing and explaining to them the explained the zoning process for the granting of a variation for  fence which would be held at the Village administration office and informing that the village would be unable to give an "instruction" on whether a fence would be permitted on a property without receiving the information which the village explained needed to be submitted to support a request for a fence variation and without proceeding through the mandated hearing process.  Defendant denies the remaining allegations contained in Paragraph Nineteen of the Plaintiffs' Complaint, each and every one of them.**

20.    After 6477 Apache Drive failed inspection, the Palls made an offer on a house across the street at 6472 Apache Drive.

> **ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph Twenty, and therefore denies the allegations in Paragraph Twenty.**

21.    Because of the Village's prior instructions, the Palls did not seek to include a contingency clause based on the obtaining of a variance in the 6472 Apache Drive purchase agreement.

> **ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph Twenty-One, and therefore denies the allegations in Paragraph Twenty-One.**

22.    Prior to closing at 6472 Apache Drive, Mary submitted a formal request on May 1, 2007 for the zoning variance to section 17.12.120 of the Village's municipal code.

**ANSWER:    Defendant admits Plaintiffs submitted a formal request for a zoning variance to Section 17.12.120 of the Village Municipal Code and that the request was dated May 1, 2007.  As to the remaining allegations contained in Paragraph Twenty-Two of the Plaintiffs' Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in Paragraph Twenty-Two.**

23.    Mary's formal request explained the need for a fence for the safety of a child, Emily, as a special needs child, including all necessary paperwork and a picture of the potential fence which would blend in with the home and its surroundings and built at their own expense.

**ANSWER:    Defendant admits that Mary's formal request explained the need for a fence and that the fence would be built at the Plaintiffs' own expense.  As to the remaining allegation contained in Paragraph Twenty-Three of the Plaintiffs' Complaint, Defendant denies the allegations in Paragraph Twenty-Three.**

24.    On or about May 24, 2007, a group of 17 neighbors signed a petition and sent letters to Mr. Dennis Schermerhorn, the Chairman of the Village's Planning and Zoning Commission, protesting the variance request.  The petition and letters

acknowledged Emily's disability but argued that the fence would adversely affect the esthetics of the neighborhood.

> **ANSWER:    Defendant admits the allegations contained in Paragraph Twenty-Four of the Plaintiffs' Complaint.**

25.    On June 5, 2007, the Palls attended the Village's Planning and Zoning Commission ("Commission") meeting, at which time the Commission was to decide on the outcome of their zoning request.

> **ANSWER:    Defendant admits the Palls attended a meeting of the Village Planning and Zoning Commission.  Defendant denies the remaining allegation contained in Paragraph Twenty-Five of the Plaintiffs' Complaint.**

26.    At the hearing, Michael Pall explained why the fence was necessary to enable Emily to live at that location.

> **ANSWER:    Defendant admits the allegation contained in Paragraph Twenty-Six.**

27.    Objecting residents told the Commission that the safety fence would be detrimental to the neighborhood.

> **ANSWER:    Defendant admits residents voiced their objections to a safety fence before the Commission.  As to the remaining allegation contained in Paragraph Twenty-Seven of the Plaintiffs' Complaint, Defendant denies the allegations in Paragraph Twenty-Seven.**

28.    To counter the opposition, the Palls agreed to plant shrubbery around the outside of the fence and keep a park-like atmosphere.

**ANSWER:    Defendant admits the Palls agreed to plant shrubbery around the outside of the fence.  As to the remaining allegations contained in Paragraph Twenty-Eight of the Plaintiffs' Complaint, Defendant denies the allegations in Paragraph Twenty-Eight.**

29.    The Commission denied the Palls' request for a zoning variance.

**ANSWER:    Defendant denies the allegation contained in Paragraph Twenty-Nine of the Plaintiffs' Complaint as the Commission has no authority to grant such a request.  Defendant admits that based on a lack of details for the Palls' proposed fence, the Commission voted "no" to presenting a recommendation to the Village Board of Trustees to allow a safety fence to be installed at 6472 Apache Drive as it was presented.**

30.    Following the first hearing, the Palls retained counsel, who submitted a revised plan to the Commission, offering a wrought iron fence fully hidden by bushes and shrubbery which would maintain a park-like atmosphere and aesthetically conform to other fences or entrance gates in the Village.  See Attachment **A**, "Pall Proposal."

**ANSWER:    Defendant admits that the Palls submitted a revised plan to the Commission.  As to the remaining allegations contained in Paragraph Thirty of the Plaintiffs' Complaint, Defendant denies the allegations in Paragraph Thirty.**

31.    On October 2, 2007 a second hearing was held in front of the Commission.

**ANSWER:    Defendant admits the allegation contained in Paragraph Thirty-One.**

32.     Present at this hearing were the Palls; Mr. Kenneth Kubiesa, counsel for the Palls; Ms. Jennifer Ames, the Director of Special Education for the LaGrange Area Department of Special Education; and several village residents.

> **ANSWER:     Defendant admits the allegation contained in Paragraph Thirty-Two**

33.     The Palls presented their Proposal to the Commission along with a petition from community members supporting the fence.

> **ANSWER:     Defendant admits the allegation contained in Paragraph Thirty-Three.**

34.     Ms. Ames explained why the fence was important for Emily's safety, social well-being, and motor skills development.

> **ANSWER:     Defendant denies the allegation that Ms. Ames explained why "the" fence was important for Emily's safety, social well-being, and motor skills development.  Defendant admits that Ms. Ames explained that "a" fenced yard was important for Emily's safety, social well-being and motor skills development.**

35.     The Palls also submitted a letter from Dr. Lisa Franco, Emily's pediatrician, stating that Emily required the fence for her safety and well being.

> **ANSWER:     Defendant denies the allegation that Dr. Lisa Franco stated that Emily required "the" fence for her safety and well being.  Defendant admits that Dr. Franco's letter stated that "Emily requires the boundaries of her environment to be safely designated by 'a' fence."**

36.    Chairman Schermerhorn asked the Palls to consider other alternatives, such as a wristband that would send a signal if a boundary was crossed, but Mary explained that Emily is an active child and that the fence is the best option for Emily as an individual.

**ANSWER:    Defendant admits the allegations contained in Paragraph Thirty-Six.**

37.    After objections expressed by Village residents and members of the Commission, the Commission laid down the following conditions before a fence would be allowed:

1)    the fence shall not exceed the width of the residence on the east and west side of the home;

2)    the fence shall not extend more than 25 feet from the back of the house south into the rear yard setback;

3)    the fence must be screened on all sides with evergreens that do not lose their leaves;

4)    that the medical necessity and need for the fence will be reviewed every two years by a medical professional;

5)    the fence will be removed when Emily no longer needs the fence or resides at the property;

6)    an ordinance will be recorded for the subject property; and

7)    a performance bond must be posted with the Village to ensure removal of the fence when there is no longer a need for the fence.

**ANSWER:    Defendant admits the Commission made a recommendation regarding conditions for a fence which they would then present to the Village Board of Trustees for approval.  As to the remaining allegations contained in Paragraph Thirty-Seven of the Plaintiffs' Complaint, Defendant denies the allegations in Paragraph Thirty-Seven.**

38.    The Commission stated no reason for denying the Palls' proposal.

**ANSWER:    Defendant denies the allegation contained in Paragraph Thirty-Eight of the Plaintiffs' Complaint.**

39.    The conditions required by the City are unreasonable and would only provide access to a limited area of the backyard at 6472 Apache Drive, which would not allow sufficient space for Emily to exercise and play outdoors.

**ANSWER:    Defendant denies the allegations contained in Paragraph Thirty-Nine of the Plaintiffs' Complaint.**

40.    The conditions laid down by the Commission were not imposed on to situations where requests are made by persons without disabilities, for instance where a request is made for a fence to surround a swimming pool.

**ANSWER:    Defendant denies the allegations contained in Paragraph Forty of the Plaintiffs' Complaint.**

41.    On October 11, 2007 the Commission recommended that the Village Board of Trustees adopt an ordinance consistent with the Commission's proposal to limit the fence to the rear foundation wall and 25 feet to the South, and require the Palls to submit a yearly medical report to the Village verifying the continuing need for the fence.

**ANSWER:    Defendant admits the allegations contained in Paragraph Forty-One.**

42.    The Village Board of Trustees unanimously voted "no" to the Pall Proposal.

**ANSWER:    Defendant admits the allegation contained in Paragraph Forty-Two.**

43.    The Village Board of Trustees unanimously voted "yes" to the Commission's proposal (Ordinance No. 07-20), which allows a fence for the Pall property, but limits the fence to the rear foundation wall and 25 feet to the south and require the Palls to submit Emily to a yearly medical report, subject to independent review by the Village to verify the need for the fence.

**ANSWER:    Defendant admits the allegations contained in Paragraph Forty-Three.**

<u>Count I</u>
<u>Direct Discrimination Against a Person with a Disability</u>

44.    Plaintiff repeats the allegations of Paragraphs 1-43 of their Complaint.

**ANSWER:    Defendant repeats its answers to the allegations contained in Paragraphs One through Forty-Three.**

45.    The Village of Indian Head Park violated the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*.,  by passing Ordinance No. 07-20 that directly discriminates against Emily Pall, a person with a disability.

**ANSWER:    Defendant denies the allegations contained in Paragraph Forty-Five of the Plaintiffs' Complaint.**

46.     The ordinance passed by the Village sets a separate standard for a person with a disability than it requires in other cases where residents request a fence for safety reasons.

**ANSWER:    Defendant denies the allegations contained in Paragraph Forty-Six of the Plaintiffs' Complaint.**

47.     Ordinance No. 07-20 is arbitrary, unreasonable, and not substantially related to the public health, safety, or welfare.

**ANSWER:    Defendant denies the allegations contained in Paragraph Forty-Seven of the Plaintiffs' Complaint.**

### Count II
### Denial of a Reasonable Accommodation

48.     Plaintiffs repeat the allegations of Paragraphs 1-43 of this Complaint.

**ANSWER:    Defendant repeats its answers to the allegations contained in Paragraphs One Through Forty-Three.**

49.     The Village of Indian Head Park has violated the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*., by discriminating against a person because of handicap/disability by refusing a request for a reasonable accommodation by the conduct described above.

**ANSWER:    Defendant denies the allegations contained in Paragraph Forty-Nine of the Plaintiffs' Complaint.**

50.     The accommodation requested by the Palls is reasonable because:

(a)     The accommodation is necessary to afford a handicapped/disabled person equal opportunity to use and enjoy a dwelling, as defined by Section 804(f)(3)(b) of the Fair Housing Act, 42 U.S.C. §

3604(f)(3)(b) and its implementing regulations contained at 24

C.F.R. § 100.204.

**ANSWER:** **Defendant denies the allegations contained in Paragraph Fifty**

**of the Plaintiffs' Complaint.**

51.     The accommodation requested by the Palls would not impose an undue

burden on the Village of Indian Head Park.

**ANSWER:** **Defendant denies the allegations contained in Paragraph Fifty-**

**One of the Plaintiffs' Complaint.**

WHEREFORE, Defendant respectfully prays this Honorable Court enter

judgment on its behalf and against Plaintiffs, and order such other relief as the court may

deem equitable, just and proper.

<u>**AFFIRMATIVE DEFENSE**</u>

NOW COMES, the Defendant, Village of Indian Head Park, by and through its

attorneys, Storino, Ramello, and Durkin, and pursuant to Federal Rule of Civil Procedure

8(c), raises the following Affirmative Defense to the Plaintiff's complaint:

1.     Dr. Franco's letter presented to the Planning and Zoning Commission on

October 2, 2007, and attached to the Memorandum in Support of Plaintiffs' Motion for

Preliminary Injunction as Exhibit "C" states, in relevant part:

> "I believe it would be in Emily's best interest to be allowed to play in her yard.
> She is unable to make appropriate decisions in regards to her safety and I believe
> Emily requires the boundaries of her environment to be safely designated by a
> fence."

2.     Jennifer Ames' letter presented to the Planning and Zoning Commission

on October 2, 2007, and attached to the Memorandum in Support of Plaintiffs' Motion

for Preliminary Injunction as Exhibit "D" states, in relevant part:

"Accommodations such as providing structure, limits and physical boundaries such as fences in outside yards are necessary to allow her access to major life activities such as age appropriate outdoor play as well as to insure her safety, health and well being."

3.     Jennifer Ames testimony presented to the Planning and Zoning

Commission on October 2, 2007, and attached to the Memorandum in Support of

Plaintiffs' Motion for Preliminary Injunction as Exhibit "E" states, in relevant part:

"a fenced yard would provide structure for Emily with a definitive outline setting forth how far she can go because Emily needs to have a physical barrier."  P. 5, Exhibit "E."

Jennifer Ames further stated:

"Emily needs both visual and physical boundaries."  P. 11, Exhibit "E."

4.     Based upon the information presented to the Village of Indian Head Park

Planning and Zoning Commission with respect to Emily Pall's need for a fence, the

Planning and Zoning Commission recommended and the Village of Indian Head Park

Board of Trustees granted the Palls a reasonable accommodation for Emily's handicap as

was explained to be necessary to enhance her quality of life by ameliorating the effects of

her disability, in conformance with 42 U.S.C. § 3604(f)(3)(b) and its implementing

regulations contained at 24 C.F.R. § 100.24.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully prays this Honorable Court enter

judgment for Defendants and against Plaintiffs as follows:

1.              Declaring Defendants provided a reasonable accommodation to the

request of the Palls for a fence.

2.      Order such other relief as the court may deem equitable, just and

proper.

**Storino, Ramello & Durkin**

Respectfully submitted on behalf
of the Village of Indian Head Park,
Defendant.


By:    s/ Angelo Del Marto
              One of its attorneys


Richard J. Ramello (Attorney No. 3124818)
Michael K. Durkin (Attorney No. 3121686)
Angelo Del Marto (Attorney No. 6191333)
Storino, Ramello & Durkin
Attorneys for Defendant Indian Head Park
9501 W. Devon Avenue
Suite 800
Rosemont, Illinois  60018
Telephone:  847-318-9500
Fax:  847-318-9509